them that they could not could not use the room.

68. That as a result of the injuries sustained in the attack upon their persons Plaintiffs SALKO and ADIS were taken to the hospital.

69. That at all relevant times both Plaintiffs SALKO, ADIS and HALIL were wrongfully, without cause, right, justification or provocation struck, assaulted, battered, abused about their persons by these defendant(s) JANE DOE and JOHN DOES#1-6 who then forcibly and unlawfully ejected same from said defendant FOUR SEASONS HOTEL where they were all lawful paying customers.

70. That as a result of the foregoing unlawful and unjustified actions Plaintiffs SALKO, ADIS and HALIL suffered serious and significant physical, emotional and psychological and property injury to their persons, to wit: Plaintiff ADIS suffered a fractured nose, contusion of the chest wall and bruises and sores throughout his body. He required hospitalization and follow-up medical treatment for his injuries and continues to suffer from a broken nose. Besides physical, emotional and psychological pain and suffering Plaintiff ADIS lost time from work and diminished enjoyment of life; Plaintiff SALKO suffered a post-Diskectomy re-injury of his lumbar-herniation. He too required hospitalization and follow-up medical care and continues to suffer debilitating back pain, limited motion, and the possibility of corrective-surgery. Plaintiff SALKO lost time from work and suffered diminished enjoyment of life, and finally, Plaintiff HALIL suffered multiple bruises and sores about his head and body. Besides physical, emotional and psychological pain and suffering Plaintiff HALIL had experienced diminished enjoyment of life, thusly all Plaintiffs complain of all defendants as follows:

## AS AND FOR A FIRST CAUSE OF ACTION FOR BATTERY ON BEHALF OF PLAINITFF SALKO RADONCIC

71. Plaintiff SALKO incorporates by reference paragraphs 1-70

inclusive, as if fully set forth herein.

72. That all relevant times set forth herein Defendants PINNACLE, FOUR SEASONS and TROPICANA as a successor entity in liability to PINNACLE, and each of them, including Defendant(s) JANE DOE and JOHN DOES #1-6, as their agents, servants and or employees, intended to cause and did cause a harmful contact with Plaintiff SALKO's person.

73. That Plaintiff did not consent to the defendants, and each of them, their agents, servants and/or employees, act.

74. That as a result of these intentional acts of the defendants, and each of them, their agents, servants and/or employees, the plaintiff, SALKO sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries.

75. By reason of the foregoing, plaintiff has been damaged in an indeterminate sum of not less than One Million ($1,000,000.00) Dollars.

76. That upon the foregoing the Defendants and each of them including their agents, servants and/or employees' conduct toward plaintiff SALKO was unjustified, done willfully, wantonly and maliciously and with evil and reprehensible motives and as such plaintiff demands punitive damages as against said all Defendants so as to deter further public expression of such base, vile, heinous and shocking behavior.

### AS AND FOR A SECOND CAUSE OF ACTION FOR BATTERY ON BEHALF OF PLAINITFF ADIS RADONCIC

77. Plaintiff ADIS incorporates by reference paragraphs 1-78

inclusive, as if fully set forth herein.

78. That all relevant times set forth herein Defendants PINNACLE, FOUR SEASONS and TROPICANA as a successor entity in liability to PINNACLE and each of them, including Defendant JANE DOE and JOHN DOES #1-6, as their agents, servants and or employees, intended to cause and did cause a harmful contact with Plaintiff ADIS's person.

79. That Plaintiff did not consent to the defendants, and each of them, their agents, servants and/or employees, act.

80. That as a result of these intentional acts of the defendants, and each of them, their agents, servants and/or employees, the plaintiff, ADIS sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries.

81. By reason of the foregoing, plaintiff has been damaged in an indeterminate sum of not less than One Million ($1,000,000.00) Dollars.

82. That upon the foregoing the Defendants and each of them including their agents, servants and/or employees' conduct toward plaintiff ADIS was unjustified, done willfully, wantonly and maliciously and with evil and reprehensible motives and as such plaintiff demands punitive damages as against said all Defendants so as to deter further public expression of such base, vile, heinous and shocking behavior.

### AS AND FOR A THIRD CAUSE OF ACTION FOR BATTERY ON BEHALF OF PLAINITFF HALIL TODIC

83. Plaintiff HALIL incorporates by reference paragraphs 1-82

inclusive, as if fully set forth herein.

84. That all relevant times set forth herein Defendants PINNACLE, FOUR SEASONS and TROPICANA as a successor entity in liability to PINNACLE and each of them, including Defendant JANE DOE and JOHN DOES #1-6, as their agents, servants and or employees, intended to cause and did cause a harmful contact with Plaintiff HALIL's person.

85. That Plaintiff did not consent to the defendants, and each of them, their agents, servants and/or employees, act.

86. That as a result of these intentional acts of the defendants, and each of them, their agents, servants and/or employees, the plaintiff HALIL sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries.

87. By reason of the foregoing, plaintiff has been damaged in an indeterminate sum of not less than One Million ($1,000,000.00) Dollars.

88. That upon the foregoing the Defendants and each of them including their agents, servants and/or employees' conduct toward plaintiff HALIL was unjustified, done willfully, wantonly and maliciously and with evil and reprehensible motives and as such plaintiff demands punitive damages as against said all Defendants so as to deter further public expression of such base, vile, heinous and shocking behavior.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR ASSAULT ON BEHALF OF PLAINITFF SALKO RADONCIC

89. Plaintiffs incorporates by reference paragraphs 1-88 inclusive, as if fully set forth.

90. That all relevant times set forth herein herein Defendants PINNACLE, FOUR SEASONS and TROPICANA as a successor entity in liability to PINNACLE and each of them, including Defendant JANE DOE and JOHN DOES #1-6, as their agents, servants and or employees intentionally, willfully, wantonly and maliciously threatened to strike (and did strike) Plaintiff SALKO and did raise open hands to and at him in such a manner as to cause Plaintiff to reasonably believe he was about to be struck in a harmful and offensive manner. Due to Defendants PINNACLE, FOUR SEASONS and TROPICANA as a successor entity in liability to PINNACLE and each of them, including Defendant JANE DOE and JOHN DOES #1-6, acts of battery as set forth above, a reasonable person in plaintiff's situation would have been offended by the threatened, violent touching.

91. That Plaintiff did not consent to the defendants, and each of them, their agents, servants and/or employees, act.

92. That as a result of these intentional acts of the defendants, and each of them, their agents, servants and/or employees, the Plaintiff SALKO, sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries

93. By reason of the foregoing, plaintiff has been damaged in an indeterminate sum of not less than One Million ($1,000,000.00) Dollars.

94. That upon the foregoing the Defendants and each of them including their agents, servants and/or employees' conduct toward plaintiff SALKO was unjustified, done willfully, wantonly and maliciously and with evil and reprehensible motives and as such plaintiff demands punitive damages as against said defendants so as to deter further public expression of such base, vile, heinous and shocking behavior

## AS AND FOR A FIFTH CAUSE OF ACTION FOR ASSAULT ON BEHALF OF PLAINITFF ADIS RADONCIC

95. Plaintiffs incorporates by reference paragraphs 1-94 inclusive, as if fully set forth.

96. That all relevant times set forth herein herein Defendants PINNACLE, FOUR SEASONS and TROPICANA as a successor entity in liability to PINNACLE and each of them, including Defendant JANE DOE and JOHN DOES #1-6, as their agents, servants and or employees intentionally, willfully, wantonly and maliciously threatened to strike Plaintiff ADIS and did raise open hands to and at him in such a manner as to cause Plaintiff to reasonably believe he was about to be struck in a harmful and offensive manner. Due to Defendants PINNACLE, FOUR SEASONS and TROPICANA as a successor entity in liability to PINNACLE and each of them, including Defendant JANE DOE and JOHN DOES #1-6, acts of battery as set forth above, a reasonable person in plaintiff's situation would have been offended by the threatened, violent touching.

97. That Plaintiff did not consent to the defendants, and each of them, their agents, servants and/or employees, act.

98. That as a result of these intentional acts of the defendants, and each of them, their agents, servants and/or employees, the Plaintiff ADIS, sustained injuries to various parts of his head, body, limbs and nervous system and, upon information and belief, some of his injuries are of a permanent and/or protracted nature; that by reason thereof, he was confined to hospital, bed

and home and prevented from attending to his usual business and/or occupation, and sustained a loss of earnings and he was required and will be required to obtain medical aid and attention in an effort to cure and alleviate his injuries

99. By reason of the foregoing, plaintiff has been damaged in an indeterminate sum of not less than One Million ($1,000,000.00) Dollars.

100. That upon the foregoing the Defendants and each of them including their agents, servants and/or employees' conduct toward plaintiff ADIS was unjustified, done willfully, wantonly and maliciously and with evil and reprehensible motives and as such plaintiff demands punitive damages as against said defendants so as to deter further public expression of such base, vile, heinous and shocking behavior

### AS AND FOR A SIXTH CAUSE OF ACTION FOR ASSAULT ON BEHALF OF PLAINITFF HALIL TODIC

101. Plaintiffs incorporates by reference paragraphs 1-36 inclusive, as if fully set forth.

102. That all relevant times set forth herein herein Defendants PINNACLE, FOUR SEASONS and TROPICANA as a successor entity in liability to PINNACLE and each of them, including Defendant JANE DOE and JOHN DOES #1-6, as their agents, servants and or employees intentionally, willfully, wantonly and maliciously threatened to strike Plaintiff HALIL and did raise open hands to and at him in such a manner as to cause Plaintiff to reasonably believe he was about to be struck in a harmful and offensive manner. Due to Defendants PINNACLE, FOUR SEASONS and TROPICANA as a successor entity in liability to PINNACLE and each of them, including Defendant JANE DOE and JOHN DOES #1-6, acts of battery as set forth above, a reasonable person in plaintiff's situation would have been offended by the threatened, violent touching.