**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X

Dkt No: 1:14-cv-09169RMB

**SALKO RADONCIC, ADIS RADONCIC and HALIL**
**TODIC**

                        Plaintiff(s),

**AMENDED VERIFIED**
**COMPLAINT**

            -against-

JURY TRIAL DEMANDED

**PINNACLE ENTERTAINMENT INC, CASINO ONE CORP.**
**TROPICANA ENTERTAINMENT INC., FOUR SEASON HOTELS**
**LIMTED (aka) FOUR SEASONS HOTELS AND RESORTS**
 **(aka) FOUR SEASONS HOTELS INC, TROOPER COLLINS (aka)**
**BARBARA COLLINS (**formerly JANE DOE# 1whose full
name and numerical identification are unknown, in her individual capacity**)**
**and JOHN DOES 1-6 (**intended to be employees of
Defendant Casinos and Hotel' sued herein,
whose names are unknown, and therefore sues these defendants
 by such fictitious names**)**

                     Defendant(s).
-------------------------------------------------------------------------X

       Plaintiffs **SALKO RADONCIC, ADIS RADONCIC and HALIL**

**TODIC**, by their attorney, REHAN NAZRALI ESQ., hereby complaining of the defendants,,

**PINNACLE ENTERTAINMENT INC.,  CASINO ONE CORP., TROPICANA**

**ENTERTAINMENT INC., FOUR SEASON HOTELS LIMTED (aka) FOUR SEASONS**

**HOTELS AND RESORTS (aka), FOUR SEASONS HOTELS INC, TROOPER COLLINS**

**(aka) BARBARA COLLINS and JOHN DOES 1-6 (**intended to be employees of Defendants'

sued herein, whose names are unknown, and therefore sues these defendants by such fictitious

names) respectfully show to this Court and allege, upon information and belief, as follows:

<u>NATURE OF THE ACTION</u>

      1.  This is a personal injury action brought against Defendants for serious injuries and

damages occasioned to plaintiffs as a result of the wrongful, intentional and negligent acts of the defendants, its owners, employees, servants, agents, and all those who acted under the authority, direction supervision and control of defendants.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C §§ 1331 since the Plaintiffs are or were residents of the state of New York at the time and place of the complained of incident and the Defendant **PINNACLE ENTERTAINMENT INC (hereinafter "PINNACLE")** is a Nevada, Las Vegas Corporation; Defendant **CASINO ONE CORPORATION (hereinafter CASINO ONE) is** a subsidiary of **PINNACLE** and a Nevada Corporation licensed to do business in Missouri; defendant **TROPICANA ENTERTAINMENT INC.,  (hereinafter "TROPICANA**) is a Nevada, Las Vegas Corporation and successor corporation to **PINNACLE/CASINO ONE**; **FOUR SEASONS HOTELS LIMITED (aka) FOUR SEASONS HOTELS AND RESORTS (aka), FOUR SEASONS HOTELS INC., (hereinafter "FOUR SEASONS")** is a Toronto Ontario Corporation and has a working agreement with said Casinos: **TROOPER COLLINS  (aka) BARBARA COLLINS,** upon information and belief, is Missouri State Trooper and or Missouri Gaming Commission Agent, sued here in her individual capacity, and **JOHN DOES 1-6**  are employees, servants and agents of Defendant sued herein, (whose names are unknown, and therefore sues these defendants by such fictitious names) with resulting diversity of citizenship. The matter in controversy exceeds, exclusive of interest, the sum of value specified by 28 U.S.C. §1332. Venue is proper in this Judicial District pursuant § 1391 as Defendant **FOUR SEASONS** is a registered foreign corporation doing business in New York State, maintaining as it also does, business contacts and ownership of properties in the State of New York and having designated New York

County as its place of business and thus subjecting itself to personal jurisdiction in the State of New York, specifically in the Southern District of New York.

## PARTIES

3. At all times relevant hereto plaintiff SALKO RADONCIC (hereinafter SALKO) is and or was an individual and resident of the County of Queens in the City and State of New York.

4. At all times relevant hereto plaintiff ADIS RADONCIC (Hereinafter ADIS) is and or was an individual and resident of the County of Queens in the City and State of New York.

5. At all times relevant hereto plaintiff HALIL TODIC (hereinafter HALIL) is and or was an individual and resident of the County of Queens in the City and State of New York.

6. At all times relevant hereto Defendant PINNACLE and was and is a Foreign Business Corporation duly organized and existing under and by virtue of the laws of the State of Nevada.

7. That at all times herein mentioned, the defendant Pinnacle is and was an owner, operator and developer of casinos and related hospitality and entertainment facilities. The Company operates casinos located in St. Louis, Missouri, more commonly known as the Lumiere Place Casino and Four Seasons Hotels, St Louis located at 999 North 2nd Street, St Louis, Missouri.

8. That at all times hereinafter mentioned defendant PINNACLE owned, operated, managed and controlled the Lumeire Place Casino and Four Seasons Hotel, St Louis.

9. That upon information and belief, at all times hereinafter mentioned, defendant PINNACLE entered into a management contract with Defendant FOUR SEASONS wherein defendant FOUR SEASONS agreed to manage, maintain, operate, control and supervise the hiring, training, retention and firing of all employees, including but not limited to Security agents and personnel working thereto and thereat for the FOUR SEASONS HOTEL, ST LOUIS and the

LUMEIRE PLACE CASINO.

10. At all times relevant hereto Defendant CASINO ONE was and is a Foreign Business Corporation duly organized and existing under and by virtue of the laws of the State of Nevada.

11. At all times relevant hereto Defendant CASINO ONE was and is a wholly owned subsidiary of defendant PINNACLE licensed to do business in the State of Missouri.

12. That at all times herein mentioned, the defendant CASINO ONE is and was an owner, operator and developer of casinos and related hospitality and entertainment facilities. The Company operates casinos located in St. Louis, Missouri, more commonly known as the Lumiere Place Casino and Four Seasons Hotels, St Louis located at 999 North 2nd Street, St Louis, Missouri.

13. That at all times hereinafter mentioned defendant CASINO ONE, as a subsidiary of defendant PINNACLE owned, operated, managed and controlled the Lumeire Place Casino and Four Seasons Hotel, St Louis.

14. That upon information and belief, at all times hereinafter mentioned, defendant CASINO ONE either directly or through its Parent company PINNNACLE entered into a management contract with Defendant FOUR SEASONS wherein, upon information and belief defendant FOUR SEASONS agreed to allow defendant PINNACLE/CASINO ONE to manage, maintain, operate, control and supervise the hiring, training, retention and firing of all employees, including but not limited to Security agents and personnel working thereto and thereat for the FOUR SEASONS HOTEL, ST LOUIS and the LUMEIRE PLACE CASINO.

15. At all times relevant hereto Defendant TROPICANA and was and is a Foreign Business Corporation duly organized and existing under and by virtue of the laws of the State of Nevada.

16.  That at all times herein mentioned, the defendant Tropicana Entertainment Inc. (TROPICANA) is an owner and operator of regional casino and entertainment properties located in the United States.

17. That in April 2014, defendant TROPICANA completed the acquisition of Lumiere Place Casino, Hotel Lumiere, and Four Seasons Hotel St. Louis (Lumiere) from PINNACLE/CASINO ONE .

18. That as a result and consequence of said acquisition defendant TROPICANA, as the successor company did expressly and implicitly assume all debts and obligations of its predecessor, defendant PINNACLE and or CASINO ONE and as such, to the extent applicable shall stand in its place as defendant where such assumption exists.

19. That at all times hereinafter mentioned, the defendant FOUR SEASONS was a foreign corporation duly authorized to conduct its business in the State of New York.

20. At all times relevant hereto defendant FOUR SEASONS was and is a non-domiciliary of the State of New York and has transacted business within the State of New York.

21. At all times relevant hereto Defendant FOUR SEASONS is a lodging hospitality Company, owning, managing and franchising hotels world wide with corporate Offices located at 1165 Leslie Street, Toronto, Ontario M3C 2K8, Canada.

22.  That at all times herein mentioned, the defendant FOUR SEASONS advertised and/ or caused to be advertised in newspapers and/or other media, including travel and tourism magazines both print and web based, and other sources readily available to the general public, in the State to New York, announcements and/or advertisements inviting and inducing the general public to visit and patronize its hotel premises and facilities known as the FOUR SEASONS HOTEL, ST LOUIS located at 999 North 2nd Street, St Louis, Missouri.

23. That at all times hereinafter mentioned, the Defendant FOUR SEASONS, operated, controlled, managed and supervised the aforesaid Hotel premises and facilities located at FOUR SEASONS HOTEL, ST LOUIS located at 999 North 2nd Street, St Louis, Missouri.

24. That at all relevant times defendant PINNACLE and or CASINO ONE and FOUR SEASONS individually and jointly and severally employed, controlled, supervised and managed at the aforesaid location, individuals who worked as Security guards and Security Guard Supervisors, defendant JOHN DOES 1 through 6. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of the defendants sued herein was the agent and employee of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment. These persons were defendants' servants, agents and employees who are responsible for maintaining security and safety of the public licensees, customers and patrons of the establishment during business hours.

25. That at all relevant times the Plaintiffs are ignorant of the true names and capacities of defendants sued herein as JOHN DOES I through 6 inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

26. At all times relevant hereto and upon information and belief, Defendant **TROOPER COLLINS (aka) BARBARA COLLINS,** in her individual capacity (Defendant COLLINS) is and or was a Missouri State Trooper authorized under Missouri State Law and the Missouri Gaming Commission to operate and perform security and public safety related functions and activities at the Lumiere Place Casino, among other places. Plaintiff will amend this complaint to allege defendant COLLINS true name and capacity when more fully ascertained.

## NONJOINDER OF PARTIES

27.  The **MISSOURI GAMING COMMISSION** (**hereinafter MGC**) is not a named
defendant in this action as it is Missouri State Agency or Subunit and thus pursuant to the
Eleventh Amendment immune to suit in Federal Court by out-of-State Plaintiffs. Further, as a
joint tortfeasor it is merely a permissive party and thus not indispensible. The MGC has also not
sought to be joined and because its interests are identical to the named defendants its interests are
unlikely to be impaired. There is no risk of incurring double, multiple, or otherwise inconsistent
obligations as the interest to be putatively claimed by MGC are identical with those of the named
defendants. Complete relief is possible for plaintiffs with the named defendants.

## FACTS

28. That on or about Monday November 18, 2013 all three plaintiffs traveled from New
York City to St Louis Missouri to watch a soccer match between Bosnia and Argentina at Busch
Stadium.

29. That before traveling into the state they booked rooms at defendant FOUR SEASONS
HOTEL, ST Louis.

30. That upon arriving in St Louis the Plaintiffs went directly to the Hotel and checked
into their rooms.

31. Upon settling into their rooms plaintiff HALIL and ADIS decided to go to the Casino,
which was down stairs, and they along with another one of his party gambled in the Lumiere
Casino.

32.  Plaintiff SALKO joined other friends who had flown in with them at the restaurant in
the Hotel lobby.

33. There were approximately 10 persons in their party who ate in the restaurant. It was at