UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SALKO RADONCIC, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 4:15-cv-00215-JCH |
| PINNACLE ENTERTAINMENT, INC., et al., | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Voluntary Dismissal of Complaint, (ECF No. 40), to which Defendants have filed a Response in Opposition. (ECF No. 41). The propriety of Plaintiffs' attempt to voluntarily dismiss this case has been fully briefed and is ready for disposition.

Plaintiffs initiated this action on November 18, 2014 by filing a complaint in the United States District Court for the Southern District of New York. (Complaint, ECF No. 1). Defendants filed an answer to that complaint on January 12, 2015. (Answer, ECF No. 7). On January 26, the parties agreed that the case would be transferred to this Court. (Amd. Stipulation to Transfer, ECF No. 19). After transfer, Plaintiffs filed an amended complaint, (ECF No. 20), in response to which Defendants have filed a motion to dismiss but no answer. (Motion to Dismiss, ECF No. 29). Plaintiffs filed their notice of voluntary dismissal on March 24, and Defendants object to dismissal.

Plaintiffs assert that Defendants' objection is without merit because "Defendants have only filed a Motion to Dismiss and thus accordingly, under rule 41(a)(1), this matter must be dismissed without prejudice." (Reply to Def. Opp., ECF No. 44, ¶ 10). Plaintiffs note correctly

that Fed. R. Civ. P. 41(a)(1)(A) allows plaintiffs to "dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." *Id.* ¶ 3 (quoting Fed. R. Civ. P. 41(a)(1)).[1] Plaintiffs are also correct that the Rule has been strictly construed in the Eighth Circuit and that nothing other than an answer or motion for summary judgment can deprive a plaintiff of the right to dismiss his case without leave of the court. *Id.* ¶ 8 (citing *Safeguard Bus. Sys., Inc. v. Hoeffel*, 907 F.2d 861 (8th Cir. 1990)).

Plaintiffs are incorrect, however, in asserting that these principles require dismissal in this instance. Although Defendants have not filed an answer or motion for summary judgment in response to Plaintiffs' First Amended Complaint, they did, as noted above, file an answer to Plaintiffs' original complaint. This has been held by several other courts to deprive plaintiffs of the right to unilaterally dismiss a case. *Armstrong v. Frostie Co.*, 453 F.2d 914 (4th Cir. 1971); *Wise v. Williams*, 2012 WL 996695 (M.D. Tenn. 2012); *Quick v. EMCO Enters., Inc.*, 251 F.R.D. 371 (S.D. Iowa 2008). The outcome and reasoning in those cases accord with the principles underlying Rule 41. *See Armstrong*, 452 F.2d at 916 ("The rule is designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case."). Voluntary dismissal under Rule 41(a)(1)(A) therefore is not available to Plaintiffs, and dismissal under that Rule would be inappropriate.

---

[1] Plaintiffs' Reply actually quotes what appears to be an earlier version of Rule 41(a). The Court has quoted the current version.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Voluntary Dismissal of Complaint, (ECF No. 40), is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiffs have **14 days** from the date of this Memorandum and Order to file a response to Defendants' Motion to Dismiss. (ECF No. 29). Defendants will then have **7 days** from the date of Plaintiffs' response to file a reply.

Dated this 17th Day of April, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE