UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SALKO RADONCIC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-cv-00215-JCH |
| | ) | |
| PINNACLE ENTERTAINMENT, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Voluntary Dismissal of their Complaint Pursuant to Rule 41(a)(2). (Motion, ECF No. 64). The Motion has been fully briefed and is ready for disposition.

Plaintiffs initiated this action on November 18, 2014 by filing a complaint in the United States District Court for the Southern District of New York. (ECF No. 1). Defendants filed an answer to that complaint on January 12, 2015. (ECF No. 7). On January 26, the parties agreed that the case would be transferred to this Court. (ECF No. 19). After transfer, Plaintiffs filed an amended complaint, (ECF No. 20), in response to which Defendants filed a motion to dismiss but no answer. (ECF No. 29). Plaintiffs then filed a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1) on March 24. (ECF No. 40). The Court struck that dismissal notice on the ground that Defendants had filed an answer to Plaintiffs' initial complaint in the Southern District of New York. (ECF No. 48).

Plaintiffs then filed a second amended complaint, (ECF No. 63), and a motion for dismissal under Fed. R. Civ. P. 41(a)(2). (ECF No. 64). Plaintiffs maintain that in the course of litigation, based especially on Defendants' statements, they have discovered that the Missouri

1

Gaming Commission ("MGC") is a necessary or indispensable party to their case. (Motion ¶¶ 1-2, 5). MGC, however, is not a party to this action and is non-suable in federal court under the 11th Amendment. *Id.* ¶ 1. Plaintiffs therefore face the prospect in this action of receiving incomplete relief. *Id.* ¶ 6. As a result, Plaintiffs filed a parallel state action in the Circuit Court for the City of St. Louis, Missouri on March 24, 2015, which includes MGC as a defendant. (State Petition, ECF No. 65-1).

## DISCUSSION

Plaintiffs contend that dismissal is appropriate in part because of the possibility of incomplete relief. (*See* Motion ¶¶ 8-17). They also point out that the case is still in the early stages of litigation—there has been no scheduling conference and discovery has yet to begin—and maintain that they have diligently pursued their claims. *Id.* Defendants respond that Plaintiffs have failed to provide a proper explanation for dismissal, that Defendants have incurred significant expense in filing an answer and working on the transfer from the Southern District of New York, and that dismissal will only result in unnecessary expense to them because they plan to remove the state action to federal court if this case is dismissed. (Response, ECF No. 65, at 3-4).

Rule 41(a)(2) gives discretion to district courts to dismiss an action at the plaintiff's request "on terms that the court considers proper." *Id.* "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). It is in light of this principle that courts faced with a Rule 41(a)(2) motion must consider "'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.'" *Mullen v. Heinkel Filtering Sys., Inc.*, 770

2

F.3d 724, 728 (8th Cir. 2014) (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)). Prejudice under this standard is legal prejudice, which "means 'something other than the necessity that defendant might face of defending another action.'" *Id.* (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)).

Plaintiffs have presented a valid basis for dismissal. Several courts have found that the addition of defendants that are crucial to a case is a "proper explanation" for Rule 41(a)(2) purposes. *Mullen*, 770 F.3d at 728; *Fallen v. Kubota Tractor Corp.*, 2014 WL 1364816, at *1 (E.D. Ark. Apr. 7, 2014); *Mason v. Sailormen Inc.*, 2012 WL 1957413, at *4 (E.D. Mo. May 31, 2012). Moreover, dismissal will not result in a waste of judicial time and effort. Although there have been numerous filings in the case, most have related to preliminary matters that involved only the efforts of the parties themselves. Finally, Defendants will not suffer legal prejudice from dismissal. They may plan to incur the additional expenses of attempting to remove Plaintiffs' state action, but the Eighth Circuit has made clear that expenses incurred in defending a subsequent suit are not a proper basis for denying a motion under Rule 41(a)(2).

Defendants suggest as an alternative to denial of Plaintiffs' motion that they should be awarded expenses and reasonable attorney fees to compensate for their past and future expenditures in this litigation. (Response at 5). Plaintiffs respond that the state court petition is identical to the federal complaint and that most of Defendants' effort and expenditures therefore will be useful in state court. (Reply, ECF No. 67, at 7-8 (citing *Mullen*, 770 F.3d at 729)).

Courts have discretion to award expenses and attorney fees as conditions on dismissal under Rule 41(a)(2). *Mullen*, 770 F.3d at 729. "The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in deciding" such conditions. *Id.* (quoting *Kern*, 738 F.2d at 972). Neither factor

favors Defendants. This case is still in its preliminary stages. No scheduling conference has been held, and discovery has not begun. Moreover, as Plaintiffs point out, the materials and information gathered by Defendants in defending this action will be useful in defending Plaintiffs' identical state action. There is therefore no reason to award expenses and attorney fees to Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Voluntary Dismissal of their Complaint Pursuant to Rule 41(a)(2), (ECF No. 64), is **GRANTED**, and this matter is **DISMISSED WITHOUT PREJUDICE**. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' request for expenses and attorney fees is **DENIED**.

Dated this 13th day of July, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE